PETER Z. ALLEN, Respondent, *v.* THE ALBANY RAILWAY, Appellant.

*Extra allowance — when not granted where an attorney has a contingent interest in a large recovery on a long but not difficult trial.*

Where an attorney has a contingent interest in a very large judgment recovered against a street railroad corporation in an action not involving troublesome questions of law, the court will not grant the plaintiff an extra allowance when, although two or three days were consumed on the trial, it does not appear that the case really was difficult and extraordinary.

APPEAL by the defendant, The Albany Railway, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 19th day of March, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of March, 1897, denying the defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 19th day of March, 1897, granting the plaintiff an extra allowance.

*Simon W. Rosendale*, for the appellant.

*Sidney A. Hungerford* and *Eugene Burlingame*, for the respondent.

PER CURIAM:

We find no error in this case that, in our opinion, will warrant a reversal of the judgment; but we are of the opinion that the order granting to the plaintiff an extra allowance should be reversed.

It appears from the record that the plaintiff's attorney has notified the defendant that he has a contingent interest in the verdict recovered. The case, therefore, seems to be one where the attorney is

prosecuting for a share of the recovery. The recovery is a large one, dangerously near being an excessive one, and, in such instances, an extra allowance of costs should not be given unless the case is really an extraordinary and difficult one. Although some two or three days were probably consumed in trying the case, and doubtless some considerable care and attention was required from the attorney in preparing it, nevertheless it is one of a class of cases that are very common; no troublesome questions of law involved, nothing unusual required in its preparation. When cases are taken upon joint account, their difficult and extraordinary features should be much more apparent than they are in this case to warrant the increase of so large a recovery by an additional compensation to the attorney.

The judgment and order denying a new trial is affirmed, but the order granting an extra allowance is reversed, with ten dollars costs.

All concurred, except HERRICK, J., not sitting.

Judgment and order affirmed, with costs. Order granting extra allowance reversed, with ten dollars costs.